Robert NORSE, Plaintiff—Appellant,

v.

CITY OF SANTA CRUZ; Christopher Krohn, individually and in his official capacity as Mayor of the City of Santa Cruz; Tim Fitzmaurice; Keith A. Sugar; Emily Reilly; Ed Porter; Scott Kennedy; Mark Primack, individually and in their official capacities as Members of the Santa Cruz City Council; Loran Baker, individually and in his official capacity as Sergeant of the Santa Cruz Police Department, Defendants—Appellees.

No. 02–16446.

D.C. No. CV–02–01479–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Dec. 3, 2004.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

O'SCANNLAIN, Circuit Judge, dissenting.

## MEMORANDUM *

Robert Norse appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983. The complaint alleged that his First Amendment rights were violated when he was removed from the meeting of the Santa Cruz City Council. According to the complaint, the Mayor ordered Norse's removal from the meeting after he made a "Nazi salute" in protest of the Mayor's ruling that the time for open comment had expired and further speakers would be out of order. The complaint further alleged that a council member observed Norse's gesture and interrupted the proceedings to inform the Mayor. The

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Mayor, as the presiding officer, ordered the Sergeant at Arms to remove Norse from the meeting as authorized by the rules of the Council.

Norse first challenges the procedural rules authorizing his removal as a systematic abridgment of the constitutional rights of persons appearing before the Council. He argues the rules are facially invalid. The procedural rules adopted by the council for the conduct of its meeting authorized removal by the Sergeant at Arms of any person who uses "language tending to bring the council or any council member into contempt, or any person who interrupts and refuses to keep quiet ... or otherwise disrupts the proceedings of the council." The rules are materially similar in all respects to the regulations concerning disruptive conduct that we upheld in *White v. City of Norwalk*, 900 F.2d 1421 (9th Cir.1990). Here, as in *White*, we construe the rules to proscribe only disruptive conduct. The regulations are facially valid.

Norse also challenges the constitutionality of the rules as applied when the Mayor ordered him to be removed. Because the district court dismissed Norse's complaint for a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we assume that all well-pleaded allegations of fact in the complaint are true, and construe them in the light most favorable to the plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001). Citizens have a strong First Amendment interest in speaking about public interest issues to those who govern their city. *White*, 900 F.2d at 1425. At the same time, however, we must recognize that "citizens are not entitled to exercise their First Amendment rights whenever and wherever they wish." *DeGrassi v. City of Glendora*, 207 F.3d 636, 646 (9th Cir.2000),

citing *Kindt v. Santa Monica Rent Control Board*, 67 F.3d 266, 269 (9th Cir.1995).

Norse's Nazi salute to protest the Mayor's administration of the council's rules was expression that would have been protected if it were performed in a public forum. *See, e.g., Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). We have held, however, that meetings of city councils and boards are not public fora. *See DeGrassi*, 207 F.3d at 646; *see also Kindt*, 67 F.3d at 270–71. The presiding officers of those meetings may enforce reasonable and viewpoint neutral procedural rules for the orderly conduct of the meeting. *White*, 900 F.2d at 1425–26. Such enforcement "involves a great deal of discretion." *Id.* at 1426. Moreover, government officials performing discretionary functions are entitled to qualified immunity from liability under 42 U.S.C. § 1983. Immunity attaches if the official allegedly violated a right that was not clearly established, or if a reasonable official would have thought the defendant's actions were constitutional. *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir.1996).

If Norse's salute prevented the Council from "accomplishing its business in a reasonably efficient manner," then it was disruptive. *White*, 900 F.2d at 1425. Norse, however, argues that his salute was not disruptive because it lasted one second, and the Mayor did not even notice it until another council member informed him of its occurrence. Based solely on the allegations in the complaint, there is no way of assessing the reasonableness of the Mayor's conclusion that Norse should have been ejected. Norse's complaint thus alleges a violation of his First Amendment rights which he is entitled to pursue beyond the pleading stage. Dismissal was

not appropriate at this stage of the litigation.

REVERSED and REMANDED.

O'SCANNLAIN, Circuit Judge.

Because I disagree with the court's decision to remand Norse's as-applied First Amendment challenge, I must respectfully dissent from that portion of the disposition. As the majority correctly recognizes, "[i]f Norse's salute prevented the Council from 'accomplishing its business in a reasonably efficient manner,' then it was disruptive." (quoting *White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir.1990)). Even when the factual allegations are construed in the light most favorable to Norse, however, it cannot be doubted that his Nazi salute did occasion a significant disruption in the City Council's proceedings.

This disruption is apparent from the face of the complaint, which alleges that Mayor Krohn discontinued the normal course of public business and instructed Norse to leave the meeting after being informed of his inappropriate gesture. The complaint further alleges that Norse refused to comply with this instruction and that the Mayor subsequently ordered a five-minute recess during which the Sergeant at Arms-acting at the Council's behest-arrested Norse. This unscheduled interlude in the Council's agenda is inconsistent with the well-recognized "need for civility and expedition in the carrying out of public business." *See Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 272 (9th Cir.1995). The fact that Norse chose not to provide a verbal accompaniment to his Nazi salute in no way ameliorates the commotion engendered by his conduct. *See id.* at 271 (holding that it was permissible for board members to remove an observer who made an obscene gesture during a rent control board meet-ing). The Council members therefore did not infringe upon Norse's First Amendment rights when they quelled the disruption by ordering his removal.

Moreover, even assuming *arguendo* that Norse's gesture was not disruptive, a remand would still be unnecessary because the Council members and Sergeant at Arms are entitled to qualified immunity. We have previously emphasized that public bodies have a "legitimate interest in conducting efficient, orderly meetings," *see id.*, and that moderators have "a great deal of discretion" in responding to disruptive behavior, *see White*, 900 F.2d at 1426. It therefore cannot be said that Norse had a clearly established First Amendment right to direct a Nazi salute at the Council members while they were attempting to conduct an efficient and civil public meeting. In light of our precedent, it would not have been clear to a reasonable public official that it was unlawful to order Norse's removal or to arrest him when he failed to comply with that directive. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). Qualified immunity's expansive contours protect "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), and there is an insufficient showing in this complaint to raise such an inference.